IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY RAY COX, #115 090, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
|       v. | ) CIVIL ACTION NO.: 2:17-CV-143-MHT |
| | )                  [WO] |
| STATE OF ALABAMA, ALA. DEP'T OF CORR. | ) |
| | ) |
|    Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* petition for a writ of habeas corpus filed by Petitioner Johnny Ray Cox on March 4, 2017.[1] Petitioner, who is incarcerated at the Limestone Correctional Facility in Harvest, Alabama, is in custody pursuant to a conviction for second-degree murder entered against him by the Circuit Court for Madison County, Alabama, in 1978. He was sentenced to 150 years in prison.[2] In his petition, Petitioner challenges the State's calculation of the time he has served toward his sentence.[3]

---

[1] Although the petition was date-stamped "received" in this court on March 9, 2017, Petitioner represents that he signed the petition on March 4, 2017. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Cox] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers March 4, 2017, as the filing date.

[2] *Available at* http://www.doc.state.al.us/InmateInfo.aspx.

[3] Petitioner filed his habeas petition on a form for filing habeas petitions under 28 U.S.C. § 2241. However, because Petitioner is imprisoned pursuant to a state court judgment, the relief he seeks is properly sought through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.  DISCUSSION

This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for a writ of habeas corpus to "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [Petitioner]." 28 U.S.C. § 2241(d). Petitioner is incarcerated in a state prison in Harvest, Alabama, which is located in Limestone County, Alabama. Limestone County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Petitioner is in custody pursuant to a conviction for second-degree murder and resulting 150-year sentence entered against him by the Circuit Court of Madison County, Alabama. Madison County is also located within the jurisdiction of the United States District Court for the Northern District of Alabama By his habeas petition, Petitioner challenges the calculation of the time he has served toward his 150-year sentence for murder.  In light of the foregoing, this court concludes that the transfer of this case to United States District Court for the Northern District of Alabama for hearing and determination is appropriate.[4]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that **on or before March 27, 2017**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not

---

[4] A decision on Petitioner's application for *in forma pauperis* status (Doc. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

2

be considered by the District Court.  Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of March, 2017.

  /s/  Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE